■ In the Matter of Francis I. Wallace et al., Respondents, v Joseph Wiedenbeck, Jr., et al., Constituting the Officers and Executive Board of Citizens Opposed to Sales Tax, Inc. (C.O.S.T., Inc.), Appellants, and William W. Scriber et al., Constituting the Oswego County Board of Elections, et al., Respondents. (Appeal No. 1.) [674 NYS2d 230] —Order unanimously affirmed without costs. Memorandum: Petitioners commenced this proceeding pursuant to Election Law § 16-114 seeking a judgment declaring that Citizens Opposed to Sales Tax, Inc. (C.O.S.T., Inc.), a not-for-profit corporation, is a political committee within the meaning of Election Law § 14-100 and that C.O.S.T., Inc. violated the filing requirements under Election Law § 14-102. Petitioners further sought to compel respondent treasurer of C.O.S.T., Inc. to file financial disclosure statements for 1996 and 1997. Supreme Court denied the motion of respondent officers and executive board of C.O.S.T., Inc. (respondent officers) to dismiss the petition, and ordered a hearing to determine whether C.O.S.T., Inc. is a political committee within the meaning of the Election Law and whether it

violated the Election Law. The court denied respondent officers' request for a jury trial. Additionally, the court directed respondent officers to disclose the contributors and contributions to C.O.S.T., Inc. and to the political committee, Cut Overspending and Taxation (C.O.S.T.), that was formed by them.

The court properly held that respondent officers are not entitled to a jury trial. A special proceeding commenced under article 16 of the Election Law "shall be summarily determined" (Election Law § 16-116), and "[t]he supreme court is vested with jurisdiction to summarily determine any question of law or fact arising as to any subject set forth in [article 16]" (Election Law § 16-100 [1]). The phrase "summarily determine" is commonly understood to mean the conduct of a trial "in a prompt and simple manner, without the aid of a jury" (Black's Law Dictionary 1204 [6th ed 1990] [defining "Summary proceeding"]). In our view, the Legislature intended that there be bench trials for proceedings commenced under article 16 of the Election Law in order to fulfill its purpose of summarily determining the issues arising thereunder.

Although C.O.S.T. is not a party to this proceeding, the court properly directed respondent officers to disclose the identity of contributors making contributions over $99 to C.O.S.T., and the amounts and dates thereof.

C.O.S.T., as a political committee, has filed statements with the Oswego County Board of Elections setting forth at least some of the information requested, i.e., the amounts and dates of the contributions made to it (see, Election Law § 14-102 [1]). Such statements are public records and open to public inspection (see, Election Law § 14-108 [4]). Respondent officers are members of C.O.S.T. as well as of C.O.S.T., Inc. Respondent treasurer of C.O.S.T., Inc. is also the treasurer of C.O.S.T. and his mailing address is given on C.O.S.T.'s financial disclosure statements as the mailing address of C.O.S.T. Further, the attorney for respondent officers acknowledged that C.O.S.T., Inc. paid the advertising expenses of C.O.S.T. and that the contributions to C.O.S.T. came only from C.O.S.T., Inc. or $10 fundraiser tickets. Thus, there is a sufficient relationship between C.O.S.T., Inc. and C.O.S.T. to justify the disclosure of the specified C.O.S.T. records. Such disclosure is relevant for the purpose of enabling the court to determine at the hearing whether the interrelationship of C.O.S.T., Inc. and C.O.S.T. brings C.O.S.T., Inc. sufficiently within the scope of the Election Law to render C.O.S.T., Inc. a political committee. Lastly, we note that three of C.O.S.T.'s 1997 statements are in the record on appeal.

The court erred, however, in directing respondent officers to disclose the list of contributors to C.O.S.T., Inc. Directing such disclosure was premature. There has been no finding that C.O.S.T., Inc. is a political committee within the meaning of Election Law § 14-100 (1). Until that determination is made, C.O.S.T., Inc. is under no obligation to disclose the identity of its contributors as required by Election Law § 14-102 (1). Further, such identification is not necessary for the purpose of determining whether C.O.S.T., Inc. is a political committee. (Appeal from Order of Supreme Court, Oswego County, Nicholson, J.—Election Law.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.