MARC COHEN *et al.*, Indiv. and on Behalf of All Others Similarly Situated, Plaintiffs-Appellees, v. BLOCKBUSTER ENTERTAINMENT, INC., Indiv., and on Behalf of All Entities Doing Business as Blockbuster or Blockbuster Video, Defendant-Appellant.

First District (4th Division)   No. 1—02—2973

Opinion filed March 20, 2003.

James A. Cherney and Kevin C. May, both of Latham & Watkins, and Gino L. DiVito, of Tabet, DiVito & Rothstein, L.L.C., both of Chicago, for appellant.

William J. Harte, of William J. Harte, Ltd., Edward T. Joyce, Arthur W. Aufmann, and Lori A. Reilly, all of Edward T. Joyce & Associates, P.C., Aron D. Robinson, of Law Offices of Aron D. Robinson, Lance A. Raphael, of Consumer Advocacy Center, P.C., Paul M. Weiss, of Freed & Weiss, L.L.C., Christopher V. Langone, Mark T. Lavery, and Joel D. Dabisch, all of Langone Law Firm, and Robert F. Lisco, of Law Office of Robert F. Lisco, P.C., all of Chicago, for appellees.

PRESIDING JUSTICE THEIS delivered the opinion of the court:

Defendant, Blockbuster, Inc.[1], appeals from an interlocutory order of the circuit court denying its motion to compel certain class action members to arbitrate their claims for relief from unlawful penalties, unjust enrichment, breach of implied contract, and breach of express contract. Blockbuster contends that (1) those class members who signed membership agreements after mid-August 2001 are bound to arbitrate their individual claims; (2) the cost of arbitration does not render the arbitration agreement invalid or preclude plaintiffs from vindicating their rights; and (3) the terms of the agreement barring class actions or class arbitration is not unconscionable.

## BACKGROUND

On February 18, 1999, plaintiffs filed a class-action-styled complaint against Blockbuster alleging that it charged improper and excessive fees to its customers who returned videos untimely or failed to return them. Thereafter, the circuit court certified the class to include (1) all United States residents who rented videos from Blockbuster who incurred late fees between February 18, 1994, and the date this case is resolved; (2) all United States residents who rented videos from Blockbuster and were forced to purchase an unreturned video between February 18, 1994, and the date this case is resolved; and (3) all entities that have done or are doing business in the United States as Blockbuster at any time since February 18, 1994.

---

[1]Erroneously identified in the caption as Blockbuster Entertainment, Inc.

Simultaneously, numerous other state court class action lawsuits were filed throughout the country asserting similar causes of action on behalf of Blockbuster customers. On April 11, 2001, Blockbuster entered into a nationwide settlement in the case of Scott v. Blockbuster, Inc., No. D 162—535 (Jefferson County, Texas) (*Scott*). The *Scott* settlement class was defined to include "[a]ll members of Blockbuster who incurred an extended viewing fee or non-return fee between January 1, 1992, and April 1, 2001." The settlement was finally approved in January 2002. An appeal taken by some of plaintiffs' class representatives remains pending in the Texas Appellate Court.

On January 22, 2002, plaintiffs filed a first amended consolidated complaint. Therein, they acknowledged that unless the *Scott* settlement is reversed on appeal, the class will need to be redefined. The complaint additionally alleges that in approximately mid-August 2001, Blockbuster began using a new membership application form for new members. The membership application contains an arbitration agreement, which provides as follows:

"To fairly resolve any dispute between you and Blockbuster regarding your membership, account, fees, any transaction with Blockbuster, or any Blockbuster policies, you and Blockbuster agree that any claims of these types by either you or Blockbuster shall be settled exclusively by binding arbitration governed by the Federal Arbitration Act and administered by the American Arbitration Association under its rules for the resolution of consumer-related disputes, or under other mutually-agreed procedures. Because this method of dispute resolution is personal, individual, and provides the exclusive method for resolving such disputes, you further agree that you will not participate in a class action or class-wide arbitration for any claims covered by this agreement."

Plaintiffs attached the revised membership agreement to their amended complaint. Plaintiffs additionally alleged that the representative plaintiffs of the class did not sign a membership agreement containing an arbitration provision. Thus, questions remain regarding the extent of the claims that would proceed in court. Plaintiffs maintained that they may assert the following claims on behalf of Blockbuster members: (1) all presettlement claims if *Scott* is reversed on appeal; (2) all presettlement claims of those members who opted out of the *Scott* settlement; (3) all postsettlement claims of members, including the representative class, who did not sign the August 2001 membership agreement; and (4) all postsettlement claims of members who signed the August 2001 membership agreement if it is found to be invalid and unenforceable.

In response to the amended complaint, Blockbuster filed motions

to dismiss pursuant to sections 2—615 and 2—619 of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2—615, 2—619 (West 2000)). As part of its section 2—615 motion, Blockbuster argued, citing both the Federal Arbitration Act (9 U.S.C. § 1 *et seq.* (2000)) and the Uniform Arbitration Act (710 ILCS 5/1 *et seq.* (West 2000)), that any claims that plaintiffs purported to bring on behalf of Blockbuster members who joined after mid-August 2001 were subject to arbitration and therefore could not be heard by the trial court. Plaintiffs replied that Blockbuster could not compel arbitration of absent class members because those members are not parties to the proceeding, the representatives of the class are not subject to the arbitration agreement, and factual issues existed that would preclude such a finding. Plaintiffs further argued that as to the absent class members who signed the new membership application, the arbitration provision was invalid and unenforceable. The arbitration issue was not addressed in Blockbuster's section 2—619 motion to dismiss.

Thereafter, on April 8, 2002, the circuit court held a hearing on the motions to dismiss but did not make a ruling at that time. The court directed plaintiffs to file an amended complaint to address a matter of pleading and directed Blockbuster to amend its pending section 2—615 or section 2—619 motion to dismiss to further address the arbitration issue. On April 22, 2002, plaintiffs filed a second amended consolidated complaint. Thereafter, Blockbuster filed a pleading styled "Supplemental Motion to Dismiss or in the Alternative for a Partial Stay and to Compel Arbitration," incorporating its previous motions to dismiss and again arguing that those members who signed the revised membership agreement are precluded from litigating their claims before a trial court and must be compelled to arbitrate their individual claims.

On September 4, 2002, the trial court addressed the section 2—615 and section 2—619 motions to dismiss. During the court's oral ruling, it raised two concerns regarding the arbitration provision in the new membership agreement: (1) the impact of the arbitration fee on the decision of a member to arbitrate in light of the modicum of damages involved; and (2) whether precluding members from pursuing class action suits would be unconscionable. Ultimately, the trial judge stated, "I don't wish to address this issue in this case at this stage because we're here on a motion to dismiss." He stated that he was expressing a "general concern with the arbitration provision here in light of the realities and money involved." The order, as drafted by plaintiffs' counsel and signed by the trial judge, stated in pertinent part that "defendant's supplemental motion to dismiss, or in the alternative, for a partial stay and to compel arbitration are denied for the reasons stated in open court."

On September 25, 2002, plaintiffs filed a motion to clarify the trial court order as to whether the court had in fact ruled on Blockbuster's alternative motion for a partial stay and to compel arbitration. On October 1, 2002, Blockbuster filed a notice of appeal from the order of September 4, 2002, pursuant to Supreme Court Rule 307(a)(1) (188 Ill. 2d R. 307(a)(1)), believing that the trial court had indeed denied its motion to compel arbitration. Thereafter, at the hearing on the motion to clarify on October 3, 2002, the trial judge commented:

> "THE COURT: What I had before me basically was the motion to dismiss. That is what I was dealing with at that time.
>
> * * *
>
> THE COURT: Can you say in good faith that I denied the motion to compel arbitration?
>
> * * *
>
> THE COURT: I certainly know what the record reflects. I think I am saying very candidly that the provision that was drafted by [plaintiffs' counsel] might be ambiguous. I read it differently."

The trial judge then reiterated his concerns that the cost of arbitration might preclude an effective remedy and his concerns that the agreement precluded a right to file a class action case. He then explained:

> "I said I wondered about that. I also made reference to an out of state case where they talked about this being contracted—and I said I am not there. I'm not making any rulings on that. I want the parties to know where my head is with regard to this. And that is what I said. That's clearly what I think the record reflects. This order which was drafted by [plaintiffs' counsel] maybe [*sic*] ambiguous. I read it and I thought I knew what it says. You say it says something else. That's where I am at."

Ultimately, however, the court found that it lacked jurisdiction to entertain the motion to clarify its ruling because Blockbuster had already filed its notice of appeal.

ANALYSIS

■ During the pendency of this appeal, plaintiffs filed a motion to dismiss for lack of jurisdiction, arguing that the circuit court had not ruled on Blockbuster's alternative motion to compel arbitration, that it only ruled on the motions to dismiss, and that Supreme Court Rule 307 (188 Ill. 2d R. 307) does not allow an interlocutory appeal from a denial of a motion to dismiss. Alternatively, plaintiffs argued that the arbitration issue was not yet ripe for adjudication by the circuit court. They maintained that where no class representative signed an arbitration agreement, no person subject to the arbitration provision is presently before the court. In response, Blockbuster argued that the circuit

court indeed ruled on the motion to compel arbitration because it refused to grant the requested relief and because it entered an order expressly denying the motion. On November 1, 2002, this court entered an order denying without explanation plaintiffs' motion to dismiss.

■ Plaintiffs again renewed the jurisdictional and ripeness arguments before this court in their appellees' brief. A motion to dismiss made in a reviewing court is not unassailable and can be reconsidered. *Dunn v. Patton*, 307 Ill. App. 3d 375, 376-77, 718 N.E.2d 264, 266 (1999). We choose to revisit this issue. It is undisputed that a party may take an interlocutory appeal from an order denying a motion to compel arbitration under Supreme Court Rule 307(a)(1). 188 Ill. 2d R. 307(a)(1); *Notaro v. Nor-Evan Corp.*, 98 Ill. 2d 268, 270-71, 456 N.E.2d 93, 94-95 (1983); *Federal Signal Corp. v. SLC Technologies, Inc.*, 318 Ill. App. 3d 1101, 1105, 743 N.E.2d 1066, 1070 (2001). Based upon the four corners of the trial court order, it appears that the court denied the motion to compel arbitration. Where the language of the order appealed from is clear and unambiguous, it generally is not subject to construction and cannot be controlled by an alleged intent or purpose not expressed therein. *Comdisco, Inc. v. Dun & Bradstreet Corp.*, 285 Ill. App. 3d 796, 799, 674 N.E.2d 902, 904 (1996).

■ However, substance, not form, determines whether a matter has been adjudicated by the trial court for purposes of determining whether an appeal is proper. *In re Marriage of Lehr*, 317 Ill. App. 3d 853, 858, 740 N.E.2d 417, 421 (2000). The written order of September 4, 2002, also expressly states that it is entered "for the reasons stated in open court." In construing the order in conjunction with the trial transcript of proceedings, it is evident that there exists ambiguity as to whether the trial court ruled on the motion to compel arbitration or whether it limited its ruling to the motions to dismiss. Thus, where there is ambiguity, we look to the transcript of proceedings to determine the trial court's intent. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 512, 748 N.E.2d 222, 226 (2001). Here, the trial judge specifically stated that he was only ruling on the motions to dismiss, that he did not make any ruling on the arbitration issue, but merely wanted the parties to know his initial concerns. Accordingly, we find that the interlocutory appeal is premature and that we lack jurisdiction in this matter.

Blockbuster cites various federal court cases applying the Federal Arbitration Act. These cases stand for the proposition that section 16(a) (9 U.S.C. § 16(a) (2000)) allows for an immediate appeal of the denial of a motion to compel arbitration despite a court's desire for further discovery or desire to revisit the issue before conclusively rul-

ing on the motion as a final order. See *Boomer v. AT&T Corp.*, 309 F.3d 404 (7th Cir. 2002); *Koveleskie v. SBC Capital Markets, Inc.*, 167 F.3d 361 (7th Cir. 1999); *Sandvik AB v. Advent International Corp.*, 220 F.3d 99 (3rd Cir. 2000). This court is not bound by federal procedural law and Blockbuster fails to cite any authority to suggest that federal law controls the appealability of a state court order. denying a motion to compel arbitration. See *Comdisco*, 285 Ill. App. 3d at 801, 674 N.E.2d at 905 (state procedural law remains applicable to state court proceeding). Furthermore, we find these cases distinguishable where there was no doubt from the record in these cases that the district court denied the motion to compel arbitration. Here, the order is ambiguous and when construed with the transcript of proceedings clearly evidences that the court did not rule on the issue of arbitrability but, rather, ruled on the motions to dismiss, which were not immediately appealable.

Nevertheless, even if the trial court's order were to be interpreted as a denial of the motion to compel and we considered the merits of the appeal, the sole issue before this court for review would be whether there was a showing sufficient to sustain the order of the trial court denying the motion to compel arbitration. *Lundy v. Farmers Group, Inc.*, 322 Ill. App. 3d 214, 218, 750 N.E.2d 314, 318 (2001). Initially, we consider the procedural mechanism by which a trial court grants or denies a motion to compel arbitration in Illinois state court. Section 2 of the Uniform Arbitration Act (710 ILCS 5/2 (West 2000)) addresses those procedures and provides in pertinent part:

> "(a) On application of a party showing an agreement *** and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, *but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised* and shall order arbitration if found for the moving party, otherwise, the application shall be denied." (Emphasis added.) 710 ILCS 5/2(a) (West 2000).

Thus, where a party denies the existence of the arbitration agreement, the Act contemplates a substantive disposition of the issues presented to the court. *Comdisco*, 285 Ill. App. 3d at 800-01, 674 N.E.2d at 904-05.

Here, plaintiffs denied the existence of the arbitration agreement. They claimed that it was void and unenforceable because the arbitration forum imposes prohibitively high costs on its members, thereby rendering the forum an illusory remedy, and argued that the provision barring class actions was unconscionable. Additionally, they argued that the issue of arbitrability was not ripe for adjudication where the class representatives are not subject to the arbitration agreement.

This, in turn, raises questions regarding whether the court could bind absent class members without notice and an opportunity to opt out of the class, and whether class representatives can adequately represent the absent class members' interests. See *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12, 86 L. Ed. 2d 628, 641-42, 105 S. Ct. 2965, 2974 (1985).

Even if we were to consider the trial court's order as a denial of the motion to compel arbitration, the trial court did not comply with the statutory mandate where the record reflects that it made no substantive rulings on the issues raised by plaintiffs below regarding the validity and enforceability of the arbitration agreement. There are several factual and legal issues that need to be resolved before a determination on arbitrability can be resolved. Some of those issues include defining the class and addressing whether the representative parties who have not signed arbitration agreements can adequately represent the class where their interests may be divergent and they cannot be compelled to arbitrate. Additional questions remain regarding what law governs the validity of the arbitration agreement where there is a national class, possible minimal contacts with the forum state, and issues of contract construction. Where the trial judge merely raised factual and legal issues of concern, but failed to make a substantive determination of the issues raised, we find that there was not a showing sufficient to sustain the denial of the motion.

In rendering our decision, we find the case of *Comdisco*, 285 Ill. App. 3d 796, 674 N.E.2d 902, to be instructive. There, the defendants filed a motion to compel arbitration. The plaintiffs opposed it on the ground that the agreement to arbitrate was invalid, having alleged in its complaint fraudulent inducement and having sought a stay of arbitration until the court determined which issues were arbitrable. Following argument on the matter, the trial court denied the motion to compel arbitration merely based upon the allegations in the complaint. *Comdisco*, 285 Ill. App. 3d at 797-98, 674 N.E.2d at 902-04.

The appellate court held that the trial court erred in denying the motion to compel without ruling on the arbitrability of the dispute. The court relied upon section 2(a) of the Uniform Arbitration Act (710 ILCS 5/2(a) (West 2000)), holding that the Act contemplated a substantive disposition of a motion to compel arbitration and, absent such a ruling, there was not a showing sufficient to sustain the denial of the motion. The court reversed and remanded the matter for further proceedings consistent with section 2(a) of the Act. *Comdisco*, 285 Ill. App. 3d at 800-01, 674 N.E.2d at 904-05.

Similarly, here, it is evident from the record that the trial court

made no substantive rulings regarding the validity and enforceability of the arbitration agreement and, absent such a ruling, we cannot say there was a sufficient showing to sustain the denial of the motion to compel arbitration as mandated by section 2(a) of the Uniform Arbitration Act. 710 ILCS 5/2(a) (West 2000). Thus, whether we construe the trial court's order as merely a denial of the motions to dismiss or we construe it as a denial of the motion to compel arbitration, the matter is effectively remanded to the trial court for further proceedings consistent with section 2(a) of the Act.

Ultimately, where we have concluded that the trial court did not rule on the issue of arbitrability, we dismiss the appeal for lack of jurisdiction.

Dismissed.

HARTMAN and GREIMAN, JJ., concur.