RON ONNI *et al.*, Plaintiffs-Appellants, v. APARTMENT INVESTMENT AND MANAGEMENT COMPANY *et al.*, Defendants-Appellees.

Second District   No. 2—03—0821

Opinion filed December 10, 2003.

Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Tara L. Goodwin, and Al Hofeld, Jr., all of Edelman, Combs & Latturner, of Chicago, for appellants.

Elizabeth L. Thompson and Steve Nachtwey, both of Bartlit, Beck, Her-

man, Palenchar & Scott, of Chicago, and Lee F. DeWald, of Riebandt & Dewald, P.C., of Arlington Heights, for appellees.

JUSTICE O'MALLEY delivered the opinion of the court:

Plaintiffs, Ron and Ann Louise Onni, appeal from the judgment of the circuit court ordering arbitration of the claims they brought against defendants, Apartment Investment and Management Company and Chesapeake Landing I, LP. We reverse and remand.

Plaintiffs, who are tenants of properties owned by defendants, filed a class action on behalf of themselves and other tenants challenging defendants' practice of charging late fees on overdue rent payments. Pursuant to the Illinois Uniform Arbitration Act (Act) (710 ILCS 5/1 et seq. (West 2000)), defendants moved to compel arbitration of plaintiffs' claims and stay all court proceedings. Defendants relied on an arbitration clause in plaintiffs' lease that provides, in relevant part:

> "30. ARBITRATION. All disputes between the parties concerning the provisions of this Lease shall be submitted to arbitration pursuant to the procedures of the state in which the Apartment Community is located before a panel of three (3) independent third party arbitrators ***. The arbitrators shall have no authority to award punitive, exemplary, consequential, special, indirect or incidental damages or attorneys' fees. The parties shall share equally the fees and costs of the arbitrators and shall otherwise bear their own costs and expenses of arbitration. *** Notwithstanding the preceding paragraph, LESSOR shall not be required to submit to binding arbitration disputes arising from (1) the enforcement of rental payments; (2) the repossession of the premises; or (3) the termination of the Lease by reason of a default by LESSEE under the Lease. LESSOR shall have all rights and remedies under law and equity with respect to any such disputes. LESSEE acknowledges and agrees that this paragraph constitutes a waiver of all rights to civil court action for a dispute arising under the terms of this Lease, subject to the provisions hereof, and only the arbitrators, not a judge or jury, will decide the dispute."

In their reply to defendants' motion to compel, plaintiffs challenged the validity of the arbitration clause on several grounds. Plaintiffs argued that the clause is unconscionable both because it is hidden within fine print and was not recognized by plaintiffs before they signed the agreement and because it is fundamentally unfair in that it requires arbitration of any claim brought by a tenant, yet permits the landlord to bring most of its claims in court. Plaintiffs further argued that the clause violates public policy because its requirement that tenants pay one-half of the arbitrators' fees and

bear their own costs of arbitration deters tenants from bringing claims. In support of this argument, plaintiffs attached to their reply an affidavit from an official of the American Arbitration Association who estimated arbitration fees in the Chicago area. Lastly, plaintiffs argued that the arbitration clause illegally seeks to deny tenants their statutory rights to attorney fees, punitive damages, and injunctive relief.

The trial court held a hearing on the motion to compel. At the close of the parties' arguments, the trial court said the following:

> "Okay. I have read the briefs. I have read the cases cited by the defendants, the Illinois cases, both the federal courts applying Illinois law, and the Illinois courts [that] have decided the issues in this case. The motion to compel arbitration is granted. The state lawsuit is stayed. Thank you for your patience."

Subsequently, the court issued an order consisting of one sentence: "Defendants' motion to compel arbitration is granted; all proceedings are stayed." Plaintiffs appealed.

■ In an appeal from an interlocutory order granting or denying a motion to compel arbitration, the only issue before the reviewing court is whether there was a showing sufficient to sustain the order of the trial court granting or denying the motion. *Travis v. American Manufacturers Mutual Insurance Co.*, 335 Ill. App. 3d 1171, 1174 (2002). Plaintiffs argue that the trial court erred in failing to state the factual findings and legal conclusions supporting its rejection of their arguments attacking the arbitration clause. The applicable statutory provision is section 2(a) of the Act (710 ILCS 5/2(a) (West 2000)), which provides:

> "§ 2. Proceedings to compel or stay arbitration. (a) On application of a party showing an agreement described in section 1 [(710 ILCS 5/1 (West 2000))], and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied."

As plaintiffs note, the trial court must render a "substantive disposition" of a motion to compel arbitration. *Cohen v. Blockbuster Entertainment, Inc.*, 338 Ill. App. 3d 171, 178 (2003); *Comdisco, Inc. v. Dun & Bradstreet Corp.*, 285 Ill. App. 3d 796, 800 (1996); *Farris v. Hedgepeth*, 58 Ill. App. 3d 1040, 1044 (1978); *Liberty Mutual Insurance Co. v. Duray*, 5 Ill. App. 3d 187, 190 (1972). Plaintiffs argue that the trial court's conclusory resolution of the issues raised in the parties' briefs was not a substantive disposition and, therefore, the trial court's judgment should be reversed.

*Comdisco* and *Cohen* illustrate what is meant by a "substantive disposition." In *Comdisco*, the parties signed an agreement to arbitrate a dispute concerning the terms of a lease agreement. Sometime after arbitration commenced, the plaintiff filed a four-count complaint seeking a declaratory judgment that the arbitration agreement was void. *Comdisco*, 285 Ill. App. 3d at 797-98. Counts IV and V of the complaint alleged, respectively, that the defendants fraudulently induced the plaintiff to sign the agreement and that there was no meeting of the minds regarding the agreement. Subsequently, the defendants filed a motion to compel arbitration pursuant to the agreement. *Comdisco*, 285 Ill. App. 3d at 798. Following oral argument on the motion, the trial court entered an order denying the defendants' motion. The transcript of the hearing showed that the trial court based its ruling on counts IV and V of the plaintiff's complaint. *Comdisco*, 285 Ill. App. 3d at 798. The defendants appealed, and the appellate court reversed the judgment of the trial court and remanded the case for further proceedings. Following *Farris*, the appellate court interpreted the Act as requiring that the trial court render a "substantive disposition" of a motion to stay arbitration. *Comdisco*, 285 Ill. App. 3d at 800, citing *Farris*, 58 Ill. App. 3d at 1044. The appellate court then reasoned:

> "[T]he trial court erred in denying the motion to compel arbitration without ruling on the arbitrability of the dispute. Absent such a ruling, there is not a showing sufficient to sustain the denial of the motion. On remand, the court 'shall proceed summarily to the determination of the issue.' Generally, a 'summary proceeding' may be defined as
>
>> 'a civil or criminal proceeding in the nature of a trial conducted without the formalities (as indictment, pleadings, and a jury) required by the common law, authorized by statute, and used for the speedy and peremptory disposition of some minor matter.' Webster's Third New International Dictionary 2289 (1986).
>
> Although the entirety of the dispute in this case might not normally be thought of as a 'minor matter,' the issue of arbitrability is far more narrow. The summary proceeding in this case is not merely authorized by statute, but is mandated by statute. The issue of whether a dispute is or is not within the scope of an arbitration clause should be determined at the earliest possible moment."
> *Comdisco*, 285 Ill. App. 3d at 801.

The appellate court remanded the case, directing the trial court to render a substantive disposition of the defendants' motion to compel arbitration.

In *Comdisco*, the appellate court neither defined "substantive

disposition" nor explained just how the trial court failed to "rule" on the issue of arbitrability despite entering an order disposing of the motion to compel arbitration and citing for support the plaintiff's arguments against the validity of the arbitration clause.

We turn to *Cohen* for a clearer understanding of "substantive disposition." In *Cohen*, the plaintiffs filed a class action, claiming that the defendant charged excessive late fees for video rentals. The defendant filed two motions to dismiss the complaint. In one of its motions, the defendant referenced an arbitration clause contained in the membership agreements the plaintiffs signed. The clause provided that all disputes would be arbitrated and that no class-wide adjudication or arbitration was permitted. The trial court directed the defendant to file a motion further addressing the arbitration issue. Thereafter, the defendant filed a motion entitled, "Supplemental Motion to Dismiss or in the Alternative for a Partial Stay and to Compel Arbitration." *Cohen*, 338 Ill. App. 3d at 174. Then, in *Cohen*'s own words, the following occurred:

> "On September 4, 2002, the trial court addressed the *** motions to dismiss. During the court's oral ruling, it raised two concerns regarding the arbitration provision in the new membership agreement: (1) the impact of the arbitration fee on the decision of a member to arbitrate in light of the modicum of damages involved; and (2) whether precluding members from pursuing class action suits would be unconscionable. Ultimately, the trial judge stated, 'I don't wish to address this issue in this case at this stage because we're here on a motion to dismiss.' He stated that he was expressing a 'general concern with the arbitration provision here in light of the realities and the money involved.' The [trial court's subsequent] order, as drafted by plaintiffs' counsel and signed by the trial judge, stated in pertinent part that 'defendant's supplemental motion to dismiss, or in the alternative, for a partial stay and to compel arbitration are denied for the reasons stated in open court.' " *Cohen*, 338 Ill. App. 3d at 174.

Afterwards, the plaintiffs filed a motion to clarify the trial court's order as to whether the court had in fact ruled on the defendant's alternative motion to compel arbitration. Before the trial court addressed the motion to clarify, the defendant filed a notice of appeal. The trial court found that the notice of appeal deprived it of jurisdiction to address the motion to clarify. *Cohen*, 338 Ill. App. 3d at 175.

The appellate court held that the appeal was premature because it was evident from the record that the trial court never ruled on the defendant's alternative motion to compel arbitration. The appellate court further reasoned that, even if the trial court indeed had ruled on the motion to compel, a reversal would be warranted because there

was no showing sufficient to sustain a ruling on the motion to compel. *Cohen*, 338 Ill. App. 3d at 176. Applying the rule that the trial court must render a "substantive disposition" of the issues raised in a motion to compel arbitration, the appellate court reasoned:

> "Even if we were to consider the trial court's order as a denial of the motion to compel arbitration, the trial court did not comply with the statutory mandate where the record reflects that it made no substantive rulings on the issues raised by plaintiffs below regarding the validity and enforceability of the arbitration agreement. There are several factual and legal issues that need to be resolved before a determination on arbitrability can be resolved. Some of those issues include defining the class and addressing whether the representative parties who have not signed arbitration agreements can adequately represent the class where their interests may be divergent and they cannot be compelled to arbitrate. Additional questions remain regarding what law governs the validity of the arbitration agreement where there is a national class, possible minimal contacts with the forum state, and issues of contract construction. Where the trial judge merely raised factual and legal issues of concern, but failed to make a substantive determination of the issues raised, we find that there was not a showing sufficient to sustain the denial of the motion." *Cohen*, 338 Ill. App. 3d at 178.

The appellate court discussed *Comdisco* in detail and found it controlling.

■ In light of *Cohen* and *Comdisco*, the term "substantive disposition" is somewhat misleading. A disposition may be deemed "substantive" simply if it reaches the merits of a dispute. Hence, even the disposition in this case, which resolves the merits of the motion to compel arbitration yet consists entirely of conclusory oral and written remarks, may be viewed as "substantive." *Cohen* and *Comdisco*, however, clearly contemplate a more considered disposition than the trial court rendered here. On our reading, those cases interpret the Act as requiring that, when faced with a motion to compel arbitration, the trial court must separately address each issue raised by the motion, supporting its resolution of each with specific reasons, be they legal points or findings of fact. What the Act requires, then, is not that the trial court's disposition be "substantive" (for it will be such simply if it reaches the merits of the issues), but that the court "substantiate" its ultimate legal conclusions. See Black's Law Dictionary 1443 (7th ed. 1999) ("substantiate" means "[t]o establish the existence or truth of (a fact, etc.) esp. by competent evidence; to verify"). Where, as here, the trial court fails to articulate specific reasons for its ruling on a motion to compel arbitration, there is no showing sufficient to sustain its ruling.

■ In so holding, we note that section 2(a)'s directive that, when faced with a motion to compel arbitration, the trial court must proceed "summarily to the determination of the issue so raised" in the motion does not compel or permit the trial court to rule on the motion in a conclusory manner, however much the word "summarily" might suggest otherwise. Rather, "summarily," as used in section 2(a), has been viewed as a directive "that a trial court should act expeditiously and without a jury trial to determine whether a valid arbitration agreement exists." Uniform Arbitration Act (2000) § 7, 7 U.L.A. 17 Comment (Supp. 2003); *Grad v. Wetherholt Galleries*, 660 A.2d 903, 905 (D.C. 1995); *Wallace v. Wiedenbeck*, 251 A.D.2d 1091, 1092, 674 N.Y.S.2d 230, 231 (1998); *Burke v. Wilkins*, 131 N.C. App. 687, 688-89, 507 S.E.2d 913, 914 (1998); *In re MHI Partnership, Ltd.*, 7 S.W.3d 918, 922 (Tex. Ct. App. 1999). As was done in *Comdisco*, we reverse the judgment of the trial court and remand this case for the trial court to render a "substantive disposition" of defendants' motion to compel arbitration. Accordingly, we do not address plaintiffs' arguments regarding the merits of the trial court's ruling.

For the foregoing reasons, we reverse the judgment of the circuit court and remand this case for further proceedings consistent with this disposition.

Reversed and remanded.

BOWMAN and GILLERAN JOHNSON, JJ., concur.