# Illinois Official Reports

## Appellate Court

---

### *Herns v. Symphony Jackson Square LLC*, 2021 IL App (1st) 201064

---

| | |
|---|---|
| Appellate Court Caption | MARILYN HERNS, as Guardian of the Estate of Clematine Leonard, Plaintiff-Appellee, v. SYMPHONY JACKSON SQUARE LLC, an Illinois Limited Liability Company, d/b/a Symphony of Chicago West; MAESTRO CONSULTING SERVICES, LLC, an Illinois Limited Liability Company, and NORWEGIAN AMERICAN HOSPITAL, INC., Defendants (Symphony Jackson Square LLC and Maestro Consulting Services, LLC, Defendants-Appellants). |
| District & No. | First District, Fifth Division<br>No. 1-20-1064 |
| Filed | April 16, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 18-L-1749; the Hon. Cassandra Lewis, Judge, presiding. |
| Judgment | Reversed and remanded in part; dismissed in part. |
| Counsel on Appeal | Robert Marc Chemers and Scott L. Howie, of Pretzel & Stouffer, Chtrd., of Chicago, and Ari B. Kirshner, of McCabe Kirshner, P.C., of Lincolnwood, for appellants.<br><br>Michael W. Rathsack, of Chicago (Steven M. Levin and Andrew J. Thut, of Levin & Perconti, of counsel), for appellee. |

JUSTICE ROCHFORD delivered the judgment of the court, with opinion.
Presiding Justice Delort and Justice Hoffman concurred in the judgment and opinion.


# OPINION

¶ 1        Plaintiff, Marilyn Herns, as guardian of the estate of Clematine Leonard (Leonard), filed a second amended complaint against defendants-appellants, Symphony Jackson Square LLC, doing business as Symphony of Chicago West (Symphony), and Maestro Consulting Services, LLC (Maestro), alleging violations of the Nursing Home Care Act (Act) (210 ILCS 45/1-101 *et seq.* (West 2016)) against Symphony and common-law negligence against Maestro. A third defendant, Norwegian American Hospital, Inc., is not a party to this appeal. Symphony and Maestro (hereinafter, defendants) filed a motion to dismiss plaintiff's second amended complaint and compel arbitration (motion to compel arbitration) pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2018)), arguing that plaintiff had signed a health care arbitration agreement (HCA) on behalf of Leonard that required arbitration of the dispute. Defendants also filed a motion to dismiss plaintiff's second amended complaint pursuant to section 2-619(a)(5) of the Code (*id.* § 2-619(a)(5)), arguing that it was filed after the applicable two-year limitations period and did not relate back to the original or first amended complaint.

¶ 2        The circuit court denied the section 2-619(a)(9) motion to compel arbitration, finding that there were several outstanding questions of fact that precluded the granting of the motion—specifically, whether an agency relationship existed between plaintiff and Leonard and whether plaintiff had the actual or apparent authority to bind Leonard to the arbitration agreement. The court also denied the section 2-619(a)(5) motion to dismiss the second amended complaint based on the two-year statute of limitations, finding that a question of fact existed as to whether Leonard had a legal disability tolling the limitations period. Pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017), defendants filed this interlocutory appeal from the order denying the section 2-619(a)(9) motion to compel arbitration and denying the section 2-619(a)(5) motion to dismiss on limitations grounds. We reverse the order denying the section 2-619(a)(9) motion to compel arbitration and remand for further proceedings consistent with section 2(a) of the Uniform Arbitration Act (Uniform Act) (710 ILCS 5/2(a) (West 2018)). We dismiss for lack of jurisdiction the appeal from the order denying the section 2-619(a)(5) motion.

¶ 3        Plaintiff filed her first amended complaint on February 7, 2019, in her capacity as the attorney-in-fact for Leonard pursuant to a power of attorney entered into on February 23, 2010. Plaintiff alleged that from February 27, 2016, through June 10, 2016, Leonard was a resident of Symphony, a long-term care nursing facility as defined in the Act (210 ILCS 45/1-113 (West 2016)). Maestro, the management company and owner and/or operator of Symphony, exercised significant control over Symphony's day-to-day operations. In count I against Symphony for violating the Act, plaintiff alleged that Symphony committed various statutory violations and negligent acts that led to Leonard developing multiple pressure sores on her sacrum, right buttock, and left heel. In count II against Maestro for common-law negligence,

plaintiff alleged that Maestro committed various other negligent acts that led to Leonard's development of the pressure sores on her sacrum, right buttock, and left heel.

¶ 4 Defendants filed a motion to compel arbitration pursuant to section 2-619(a)(9) of the Code. Defendants argued therein that, prior to Leonard arriving at Symphony, plaintiff was provided an admission contract and an HCA, which she signed as the authorized representative on Leonard's behalf. The HCA stated that any claim arising out of injuries allegedly received by Leonard would be submitted to binding arbitration, instead of to a court, and that all parties would abide by the decision of the arbitration panel. Defendants contended that plaintiff had the legal authority to sign the HCA on Leonard's behalf, as plaintiff had admitted in her deposition testimony that she had power of attorney to make all financial and health care decisions for Leonard.

¶ 5 While the section 2-619(a)(9) motion to compel arbitration was pending, plaintiff produced the Illinois statutory short form power of attorney executed on February 23, 2010, appointing her Leonard's attorney-in-fact. The power of attorney form listed a series of actions that plaintiff could perform on Leonard's behalf, including real estate transactions, financial institution transactions, tangible personal property transactions, insurance and annuity transactions, borrowing and estate transactions, and "all other property powers and transactions." The power of attorney form expressly allowed certain authority to be withheld by striking through nonpermitted actions. In pertinent part, Leonard struck through the following category of powers that she did *not* want plaintiff to have: "claims and litigation."

¶ 6 On June 7, 2019, defendants filed a motion to dismiss plaintiff's first amended complaint pursuant to section 2-619(a)(2) of the Code (735 ILCS 5/2-619(a)(2) (West 2018)). Defendants argued that the February 23, 2010, power of attorney appointing plaintiff as Leonard's attorney-in-fact specifically precluded her from having any authority to engage in "claims and litigation" on Leonard's behalf, meaning that plaintiff did not have authority to prosecute this action.

¶ 7 On June 17, 2019, plaintiff filed a motion for leave to file a second amended complaint. The second amended complaint was substantively similar to the first amended complaint, except that it provided that plaintiff was filing the action as guardian of Leonard's estate rather than as Leonard's attorney-in-fact pursuant to the power of attorney. Plaintiff attached to the motion an order from May 16, 2019, appointing her the limited guardian of Leonard's estate. The order noted that Leonard has several legal disabilities—including advanced stage dementia, diabetes, and asthma—and that she lacks some but not all of the ability to manage her estate or financial affairs. The order expressly gave plaintiff the authority to "file a lawsuit for injuries suffered by [Leonard] and make financial decisions on [her] behalf."

¶ 8 On July 25, 2019, defendants filed a motion objecting to plaintiff's motion for leave to file a second amended complaint. Defendants again argued that the February 23, 2010, power of attorney specifically precluded plaintiff from having any authority to engage in "claims and litigation" on Leonard's behalf, meaning that plaintiff did not have the authority to file the original or first amended complaint in her capacity as Leonard's attorney-in-fact. Defendants argued that plaintiff also should not be allowed to file the second amended complaint in her capacity as guardian of Leonard's estate because

> "[t]he Second Amended Complaint seeks to substitute a completely new legal entity with newly vested rights and legal authority (the 'Guardianship Entity') in place of Plaintiff acting as Power of Attorney (the 'POA Entity') under which Plaintiff lacked

- 3 -

any and all authority to bring this action. Plaintiff is requesting more than a mere substitution of names. She is requesting a material substitution of rights through the insertion of a newly created and completely distinct legal entity to save an impermissibly filed action, long after the expiration of the Statute of Limitations. Granting Plaintiff's motion would result in the ultimate of prejudice to Defendants."

¶ 9 On September 9, 2019, the court granted plaintiff's motion to file the second amended complaint.

¶ 10 On January 7, 2020, defendants filed an amended motion to compel arbitration, pursuant to section 2-619(a)(9), and a motion to dismiss on limitations grounds, pursuant to section 2-619(a)(5). With respect to the section 2-619(a)(9) motion to compel arbitration, defendants argued that although plaintiff lacked the legal capacity to file her complaint at law, she did possess the authority under the February 23, 2010, power of attorney to execute the HCA on behalf of Leonard. Defendants contended that the agreement to arbitrate should be enforced and the second amended complaint dismissed. With respect to the section 2-619(a)(5) motion to dismiss, defendants argued that the second amended complaint was untimely, as it was filed after the two-year statute of limitations had expired and did not relate back to the original complaint pursuant to section 2-616(a) of the Code (*id.* § 2-616(a)).

¶ 11 On February 7, 2020, plaintiff filed a response to defendants' section 2-619(a)(9) motion to compel arbitration, arguing that she lacked the actual or apparent authority to sign the HCA on Leonard's behalf, as the power to sign an arbitration agreement for Leonard fell within the category of "claims and litigation" that was expressly excluded from her authority by the February 23, 2010, power of attorney. Plaintiff also argued that the HCA was unenforceable, as it was procedurally and substantively unconscionable. Plaintiff acknowledged that the exclusion of "claims and litigation" from the power of attorney deprived her of the legal authority to file the original and first amended complaints in her capacity as Leonard's attorney-in-fact, but she argued that she had "remedied" the issue of her authority to pursue legal action in the circuit court on Leonard's behalf when she was appointed Leonard's limited guardian for her estate. Plaintiff argued that she should be permitted to continue pursuing the second amended complaint in her capacity as Leonard's legal guardian. With respect to defendants' section 2-619(a)(5) motion to dismiss based on the statute of limitations, plaintiff argued that the limitations period was tolled during Leonard's period of legal disabilities. Plaintiff also argued that the second amended complaint related back to the timely filed original and first amended complaints and therefore was not barred by the statute of limitations.

¶ 12 On September 10, 2020, the circuit court entered an order denying the section 2-619(a)(9) motion to compel arbitration, finding that questions of fact existed with regard to whether an agency relationship existed between plaintiff and Leonard and whether plaintiff had the actual or the apparent authority to bind Leonard to the HCA. The court further stated that it "expressly declines to address the plaintiff's contentions that the [HCA] is unconscionable as it has decided the motion on the basis of the agency issue." The court also denied defendants' section 2-619(a)(5) motion to dismiss plaintiff's second amended complaint based on the statute of limitations, finding that a question of fact existed as to whether Leonard was legally disabled so as to toll the limitations period. The court continued the cause for "further proceedings."

¶ 13 Defendants filed their notice of appeal, pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017), from the September 1, 2020, order, denying their section 2-619(a)(9) motion to compel arbitration and denying their section 2-619(a)(5) motion to dismiss.

¶ 14    Rule 307(a)(1) permits interlocutory appeals from orders granting or refusing an injunction. *Id.* An injunction is a judicial process requiring a party to do a particular thing or refrain from doing a particular thing. *In re A Minor*, 127 Ill. 2d 247, 261 (1989). An order granting or denying a motion to compel arbitration is injunctive in nature and is appealable under Rule 307(a)(1). *Sturgill v. Santander Consumer USA, Inc.*, 2016 IL App (5th) 140380, ¶ 20.

¶ 15    First, we address the denial of defendants' section 2-619(a)(9) motion to compel arbitration. Plaintiff initially contends that we should dismiss defendant Maestro's appeal from the September 1, 2020, order for lack of standing because that order states that "Symphony's motion to dismiss and compel arbitration is denied" and does not explicitly state that it is also denying Maestro's motion. Plaintiff argues that Maestro lacks standing to appeal an order that solely affects the interest of other parties. See *Knox v. Chicago Transit Authority*, 2018 IL App (1st) 162265, ¶ 20 (the purpose of the doctrine of standing is to ensure that issues are raised only by those parties having a real interest in the outcome of the controversy and that courts resolve actual controversies between parties rather than abstract questions or moot issues).

¶ 16    We decline to dismiss Maestro's appeal for lack of standing. The section 2-619(a)(9) motion to compel arbitration was a joint motion filed by both Symphony and Maestro as codefendants seeking a single ruling compelling arbitration. The circuit court denied that motion on grounds that had nothing to do with any issue or argument that was unique to Symphony or specific to Symphony's position in the case; rather, the grounds for the denial of the motion (that issues of fact existed regarding the existence and nature of the agency relationship between plaintiff and Leonard) were as equally applicable to Maestro as to Symphony. As such, despite the court's short-hand reference to the joint motion to compel arbitration as "Symphony's motion," its September 1, 2020, order denying the motion affected Maestro's interest as well as Symphony's interest in the outcome of the controversy and did not deprive Maestro of standing to contest that order on appeal.

¶ 17    Plaintiff next argues that we lack jurisdiction over defendants' appeal from the denial of the section 2-619(a)(9) motion to compel arbitration because by denying the motion on the basis that questions of fact existed regarding whether plaintiff was acting as Leonard's agent when signing the HCA, the circuit court never reached the merits of whether the dispute was arbitrable. Plaintiff contends (without citation to any pertinent authority) that the court's failure to resolve these questions of fact precludes us from exercising jurisdiction over its order denying the section 2-619(a)(9) motion. Our own research indicates that the court's denial of the motion to compel arbitration based on the existence of outstanding issues of fact does not deprive us of jurisdiction, but that section 2(a) of the Uniform Act requires us to reverse and remand for the court to conduct a summary proceeding and render a substantive disposition of the issues raised in the motion.

¶ 18    Section 2(a) provides:

> "(a) On application of a party showing an agreement *** and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied." 710 ILCS 5/2(a) (West 2018).

¶ 19     *Cohen v. Blockbuster Entertainment, Inc.*, 338 Ill. App. 3d 171 (2003), and *Sturgill*, 2016 IL App (5th) 140380, are instructive to our analysis of section 2(a). In *Cohen*, plaintiffs filed a class-action complaint alleging that defendant charged excessive fees to its customers for video rentals. *Cohen*, 338 Ill. App. 3d at 172. Defendant filed two motions to dismiss, as well as a pleading styled " 'Supplemental Motion to Dismiss or in the Alternative for a Partial Stay and to Compel Arbitration,' " arguing that the class members who signed the pertinent membership agreement must be compelled to arbitrate their individual claims pursuant to an arbitration clause contained therein. *Id.* at 174.

¶ 20     The trial court issued an oral ruling, raising two concerns regarding the arbitration provision in the membership agreement: (1) the impact of the arbitration fee on the decision of a member to arbitrate in light of the small amount of damages involved and (2) whether precluding class members from pursuing class action lawsuits would be unconscionable. *Id.* The trial court stated, though, that it was only expressing a " 'general concern with the arbitration provision here in light of the realities and money involved' " and that it did not " 'wish to address this issue in this case at this stage because we're here on a motion to dismiss.' " *Id.* The written order stated that " 'defendant's supplemental motion to dismiss, or in the alternative, for a partial stay and to compel arbitration are denied for the reasons stated in open court.' " *Id.*

¶ 21     Defendant filed a Rule 307(a)(1) notice of appeal. *Id.* at 175. We noted that based on the four corners of the trial court's written order, the court apparently denied the motion to compel arbitration. *Id.* at 176. However, we found an ambiguity between the written order denying the motion to compel arbitration for the reasons stated in open court and the oral ruling expressly stating that the court was ruling only on the dismissal portions of the motions and was reserving ruling on the motion to compel. *Id.* We determined that the oral ruling, reserving a decision on the motion to compel, accurately expressed the court's intent and that, in the absence of a decision on the motion to compel, no injunctive order was entered. Therefore, the Rule 307(a)(1) interlocutory appeal was premature, and we lacked jurisdiction. *Id.*

¶ 22     We further reasoned that, even if we were to consider the trial court's order as a denial of the motion to compel arbitration, which was appealable as an injunctive order under Rule 307(a)(1), the appropriate remedy would be to reverse and remand for a summary proceeding in which the court substantively disposed of the outstanding issues regarding the arbitration provision. We cited in support section 2(a) of the Uniform Act (710 ILCS 5/2(a) (West 2018)), which addresses the procedural mechanism by which a trial court grants or denies a motion to compel arbitration in Illinois state court. Section 2(a) provides that where a party denies the existence of the arbitration agreement, the court must conduct a summary proceeding in which the issues presented to the court regarding the arbitration provision are substantively determined. *Cohen*, 338 Ill. App. 3d at 177.

¶ 23     In *Cohen*, though, we found that

     "the trial court did not comply with the statutory mandate where the record reflects that it made no substantive rulings on the issues raised by plaintiffs below regarding the validity and enforceability of the arbitration agreement. There are several factual and legal issues that need to be resolved before a determination on arbitrability can be resolved. Some of those issues include defining the class and addressing whether the representative parties who have not signed arbitration agreements can adequately represent the class where their interests may be divergent and they cannot be compelled

- 6 -

to arbitrate. Additional questions remain regarding what law governs the validity of the arbitration agreement where there is a national class, possible minimal contacts with the forum state, and issues of contract construction. Where the trial judge merely raised factual and legal issues of concern, but failed to make a substantive determination of the issues raised, we find that there was not a showing sufficient to sustain the denial of the motion." *Id.* at 178.

¶ 24 We determined that if appellate jurisdiction were not otherwise lacking, the appropriate remedy would be to reverse and remand for further proceedings consistent with section 2(a) of the Uniform Act. *Id.* However, since the trial court reserved ruling on the motion to compel and did not issue an injunctive order appealable under Rule 307(a)(1), we dismissed the appeal for lack of jurisdiction. *Id.* at 179.

¶ 25 In *Sturgill*, plaintiff executed a retail sales installment contract with Tri Ford Mercury to buy a pickup truck. *Sturgill*, 2016 IL App (5th) 140380, ¶ 2. The finance company named in the installment contract was Triad Financial Corporation (Triad). *Id.* Plaintiff later executed an extension agreement with Triad, in which Triad agreed to extend the payments that were past due. *Id.* ¶ 4. The extension agreement contained an arbitration clause. *Id.*

¶ 26 Defendant subsequently entered into an " 'Interest Purchase Agreement' " with Triad, whereby defendant acquired all of Triad's rights and liabilities associated with its outstanding automobile loans, including plaintiff's. *Id.* ¶¶ 7, 15. After the Interest Purchase Agreement was executed, plaintiff began making his installment payments to defendant (*id.* ¶ 7), and they allegedly reached an agreement to settle plaintiff's installment contract for less than the amount originally owed (*id.* ¶ 8). However, defendant subsequently refused to release the vehicle title. *Id.* ¶ 9.

¶ 27 Plaintiff filed a class action complaint against defendant in the circuit court, alleging that defendant violated section 3-205 of the Illinois Vehicle Code (625 ILCS 5/3-205 (West 2010)) by failing to deliver the certificate of title within 21 days after the lien was satisfied. *Sturgill*, 2016 IL App (5th) 140380, ¶ 10. Defendant filed a motion to compel individual arbitration and to dismiss or stay the judicial proceedings. *Id.* ¶ 11. Plaintiff filed an objection to defendant's motion to compel arbitration, arguing that defendant had failed to produce any documents showing that it was the successor in interest to Triad's right to enforce the provisions of the installment contract and extension agreement. *Id.* ¶ 12. Plaintiff further argued that his cause of action arose after the settlement of the installment contract and extension agreement, rendering any claim for arbitration moot. *Id.*

¶ 28 The court held a hearing and noted that because of the various factual and legal questions regarding what interests defendant had acquired as a result of the Interest Purchase Agreement with Triad, and whether there existed a valid and enforceable arbitration clause, more proof was required before it could rule on the various issues raised. *Id.* ¶ 13. The court denied defendant's motion to compel arbitration without prejudice. *Id.* The court subsequently denied defendant's renewed motion to compel individual arbitration due to the outstanding factual and legal questions. *Id.* ¶¶ 18-19. Defendant appealed. *Id.* ¶ 19.

¶ 29 We noted that under section 2(a) of the Uniform Act, when a party denies the existence of the arbitration agreement, the trial court must render a substantive disposition of the issues raised by the motion to compel. *Id.* ¶ 24. A substantive disposition is one in which "the trial court separately addresses each issue raised by the motion, supporting its resolution of each issue with specific factual findings or legal reasons." *Id.* Section 2(a) also requires the trial

court to proceed summarily to a determination of the issues. *Id.* ¶ 25. Such a summary proceeding is defined as a proceeding in the nature of a trial without the "formalities"—such as an indictment, pleadings, and a jury—and used for the speedy and peremptory disposition of the matter. (Internal quotation marks omitted.) *Id.* Thus, "when the trial court is faced with a motion to compel arbitration, the court should act expeditiously *** to make a substantive determination of whether a valid arbitration agreement exists, and to resolve any other issues raised by the motion to compel arbitration." *Id.*

¶ 30     We found that defendant's motion to compel arbitration raised questions regarding whether the arbitration agreement between plaintiff and Triad was assignable, whether the agreement had been assigned to defendant, and whether the arbitration clause terminated with the alleged settlement of the purchase of plaintiff's vehicle. *Id.* ¶ 26. The trial court also had to consider the affirmative matters raised by plaintiff that led to even further factual and legal questions. *Id.* Although the trial court recognized the existence of the many factual and legal questions raised by the motion to compel arbitration, it failed to make a substantive determination of any of these issues when it entered its order, leaving us without a basis for understanding the trial court's reasons for its ruling. *Id.* Because there was no substantive disposition of the many issues raised by defendant's motion to compel arbitration, we were unable to say whether there was a sufficient showing to sustain the trial court's order denying that motion. *Id.* ¶ 27. Accordingly, we reversed the order and remanded the case to the trial court with instructions to proceed summarily and to render a disposition with some explanation of the facts or rules of law that allow for the order entered. *Id.*

¶ 31     In the present case, the circuit court expressly denied defendants' motion to compel arbitration in the September 1, 2020, written order. Unlike in *Cohen*, plaintiff points to no oral ruling contradicting that order or raising an ambiguity regarding whether it was reserving ruling on the motion to compel arbitration; accordingly, the court's order is an injunctive one for purposes of Rule 307(a)(1), and defendants' timely appeal therefrom vests us with jurisdiction. Addressing the merits of defendants' appeal, we note that, in the circuit court, plaintiff argued that the motion to compel should be denied, as no valid arbitration agreement existed because she lacked the authority to sign the HCA on Leonard's behalf and the HCA was unconscionable. In denying the motion to compel arbitration, the court recognized the existence of several fact questions—specifically, whether an agency relationship existed between plaintiff and Leonard and whether plaintiff had the actual or apparent authority to sign the HCA on Leonard's behalf—but the court failed to make a substantive determination of any of those issues. The court further noted plaintiff's contention that the HCA is unconscionable, which was a question of law (see *Williams v. Jo-Carroll Energy, Inc.*, 382 Ill. App. 3d 781, 784 (2008)), but it "expressly decline[d]" to address that contention. *Cohen* and *Sturgill* instruct that where, as here, a party denies the existence of a valid arbitration agreement, section 2(a) of the Uniform Act contemplates a summary proceeding in which the court substantively disposes of the issues presented. Where the trial court notes the factual or legal issues of concern raised by the parties but fails to make a substantive determination of the issues so raised, there is not a sufficient showing to sustain the court's order denying the motion to compel arbitration. Pursuant to *Cohen* and *Sturgill*, we reverse the September 10, 2020, order denying the section 2-619(a)(9) motion to compel arbitration and remand to the circuit court with instructions to proceed summarily in accordance with section 2(a) of the Uniform Act and

- 8 -

to render a substantive disposition with some explanation resolving the factual or legal issues raised and determining the validity of the HCA.

¶ 32     Next, we address defendants' Rule 307(a)(1) appeal from the portion of the September 10, 2020, order denying their section 2-619(a)(5) motion to dismiss plaintiff's second amended complaint for violating the applicable two-year statute of limitations. The court denied the section 2-619(a)(5) motion to dismiss because it found that a question of fact existed regarding whether Leonard was under a legal disability that tolled the running of the limitations period. The portion of the September 10 order denying defendants' motion to compel arbitration was injunctive in nature and appealable under Rule 307(a)(1) because it required the parties to refrain from doing a particular thing. However, the denial of defendants' section 2-619(a)(5) motion to dismiss based on the statute of limitations is not similarly injunctive, and therefore it is not appealable under Rule 307.

¶ 33     Defendants cite *Glazer's Distributors of Illinois, Inc. v. NWS-Illinois, LLC*, 376 Ill. App. 3d 411, 419-21 (2007). In that decision, we held that, in the context of plaintiff's Rule 307(a)(1) appeal from the order denying its motion to compel arbitration, we had jurisdiction to consider the circuit court's prior alleged errors in refusing to allow plaintiff to obtain arbitration-related discovery or to present witness testimony on the arbitrability of its claims. Although Rule 307 generally does not open the door to a review of all orders entered by the trial court up to the date of the order that is appealed (*In re Petition of Filippelli*, 207 Ill. App. 3d 813, 818 (1990)), we found that jurisdiction was present in *Glazer's Distributors* to consider the alleged errors regarding arbitration-related discovery and witness testimony because they "bear[ ] directly" on the question of arbitrability and whether the denial of the motion to compel arbitration was proper. *Glazer's Distributors*, 376 Ill. App. 3d at 420. We cited in support *Sarah Bush Lincoln Health Center v. Berlin*, 268 Ill. App. 3d 184, 187 (1994), which had held that the denial of a motion for substitution of judge (SOJ) could be reviewed on a Rule 307(a)(1) appeal from the grant of a preliminary injunction because "the question of whether the judge hearing the request for interlocutory injunctive relief should have been sitting in that matter" bore directly upon whether the injunctive order was proper. *Glazer's Distributors* and *Berlin* are factually inapposite, as the present case does not involve review of arbitration-related discovery or witness testimony or an SOJ having a direct bearing on the question of arbitrability or whether the order denying the motion to compel arbitration was proper. Rather, defendants are asking us to review the court's interlocutory order denying their section 2-619(a)(5) motion based on the existence of a factual question regarding whether Leonard was under a legal disability tolling the running of the statute of limitations. Such an order is not injunctive, and it also has no direct bearing on the court's denial of the motion to compel arbitration, which was based not on questions surrounding Leonard's legal disability but rather on the completely unrelated questions regarding whether plaintiff had the actual or apparent authority to bind Leonard to the HCA. As the denial of the section 2-619(a)(5) motion to dismiss on limitations grounds was not injunctive in nature and did not bear directly on the court's denial of the motion to compel arbitration, we lack jurisdiction to consider it under Rule 307(a)(1).

¶ 34     For all the foregoing reasons, we reverse the order denying defendants' section 2-619(a)(9) motion to compel arbitration and remand for further proceedings consistent with section 2(a) of the Uniform Act. We dismiss the appeal from the order denying defendants' section 2-619(a)(5) motion for lack of jurisdiction.

¶ 35        Reversed and remanded in part; dismissed in part.