2025 IL App (1st) 250219-U

FOURTH DIVISION
Order filed: May 22, 2025

No. 1-25-0219

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).
_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| JENNIFER COSTELLO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 23L8979 |
| URBAN AIR ADVENTURE PARK NORTH | ) | |
| RIVERSIDE, CROSS TOWN DESIGN BUILD, URBAN | ) | |
| AIR NORTH RIVERSIDE, and URBANSTRONG, LLC, | ) | Honorable |
| | ) | Moira Johnson, |
| Defendants-Appellants. | ) | Judge, presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Lyle and Ocasio concurred in the judgment.

## ORDER

¶ 1   *Held*: The circuit court's order denying without prejudice the defendants' motion to dismiss the complaint and compel arbitration under Section 2-619(a)(9) of the Code of Civil Procedure is affirmed. The defendants failed to meet their burden when they did not support the motion with an affidavit or other evidence authenticating or verifying two electronically signed agreements that contained an arbitration clause.

¶ 2   The defendants, Urbanstrong LLC, Urbanstrong LLC d/b/a Urban Air North Riverside,

and Urban Air North Riverside (collectively, "the Urbanstrong defendants"), appeal from the order

of the circuit court denying, without prejudice, their motion seeking to dismiss the complaint and compel the plaintiff, Jennifer Costello, to resolve her claims through arbitration. For the reasons which follow, we affirm.

¶ 3     Urbanstrong LLC owns and operates Urban Air Adventure Park ("Urban Air") in North Riverside, Illinois. On September 6, 2023, the plaintiff filed an eight count complaint against the Urbanstrong defendants and one other defendant not participating in this appeal. The complaint alleged that the defendants negligently caused the plaintiff injury in connection with her use of a trampoline at Urban Air on September 26, 2021.

¶ 4     On November 16, 2023, the Urbanstrong defendants filed the operative amended motion ("the motion") pursuant to Section 2-619(a)(9) of the Code of Civil Procedure, 735 ILCS 5/2-619(a)(9) (West 2022). The motion sought the dismissal of the plaintiff's complaint and an order compelling her to submit her claims to arbitration. Alternatively, the motion sought to stay the action pending the completion of arbitration. The motion argued that the plaintiff agreed to submit any claim of personal injury relating to her use of the Urban Air facility to arbitration by, prior to entering the facility, electronically signing two agreements that contained arbitration clauses. Attached to the amended motion were two separate Release and Indemnification Agreements ("Release Agreements") and a Membership and Annual Pass Agreement ("Membership Agreement"). The Urbanstrong defendants did not attach any affidavits to the motion that authenticated the Release Agreements or the Membership Agreement.

¶ 5     The Release Agreements state that "any dispute or claim arising out of or relating to this agreement", including personal injury claims, shall be "settled by binding arbitration". The Release Agreements contain a separate jury trial waiver provision. The last page of each Release

Agreement contains an electronic signature with the plaintiff's name, date of birth, and contact information. The first Release Agreement is dated September 26, 2021, and the second is dated September 25, 2022. The Membership Agreement contains a similar arbitration clause and an electronic signature with the plaintiff's name and contact information that is dated September 26, 2021.

¶ 6 The circuit court allowed the plaintiff to conduct discovery before her response to the motion. The plaintiff deposed Juan Cervera, Urbanstrong LLC's corporate representative. In Cervera's deposition, he explained that a customer registers to use the Urban Air facility by using the Urban Air website, where they are asked to review both the Release Agreements and Membership Agreement and provide an electronic signature for each. After signing both documents, the customer provides their credit card information for payment, a photo ID that matches the credit card used for the purchase, and photographs of all participants. The photographs are later used to verify each participant's identity when they arrive at the Urban Air facility. Cervera stated that he did not know if there is a security check in place to ensure that the person electronically signing the Release Agreements or Membership Agreement is who they say they are. He also testified that he did not know whether the plaintiff signed either agreement attached to the motion, and he did not know if anyone else verified the authenticity of the plaintiff's electronic signature on either agreement.

¶ 7 On November 12, 2024, the plaintiff filed a response to the Urbanstrong defendants' motion, supported by the deposition testimony of Cervera. The plaintiff argued that the Urbanstrong defendants failed to meet their burden to show that she electronically signed the Release Agreements or the Membership Agreement, as Cervera testified that he did not know if

Urbanstrong LLC had any security process to verify the authenticity of an electronic signature and did not know if anyone verified the plaintiff's electronic signature. The plaintiff argued that the Urbanstrong defendants did not comply with Section 2-619(a) of the Code of Civil Procedure by failing to attach an affidavit in support of their motion.

¶ 8    On January 7, 2025, after hearing arguments from the parties, the circuit court entered an order denying the Urbanstrong defendants' motion without prejudice. The bystander's report from the hearing on January 7, 2025, states that the circuit court found that there was an issue of fact as to whether a valid agreement to arbitrate existed. The Urbanstrong defendants filed a notice of interlocutory appeal, and this appeal follows.

¶ 9    While the parties do not dispute our jurisdiction, we are obligated to independently examine the basis of our jurisdiction. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). The Urbanstrong defendants appeal from the denial of their Section 2-619(a)(9) motion seeking to dismiss the plaintiff's complaint and compel the plaintiff to submit her claim to arbitration. Ordinarily, the denial of a Section 2-619 motion to dismiss is not an appealable order. *Cabinet Service Tile, Inc. v. Schroeder*, 255 Ill. App. 3d 865, 868 (1993). However, a circuit court's order granting or denying a motion seeking to compel arbitration is injunctive in nature and appealable under Supreme Court Rule 307(a)(1). *Herns v. Symphony Jackson Square LLC*, 2021 IL App (1st) 201064, ¶ 14; Ill. Sup. Ct. R. 307(a)(1) (eff. Nov. 1, 2017). Therefore, we have jurisdiction to resolve this appeal.

¶ 10    On appeal, the Urbanstrong defendants argue that the circuit court erred in denying the motion as the testimony of Cervera and the agreements attached to the motion support their position that plaintiff was bound by the arbitration clause in each agreement. The plaintiff argues,

as she did below, that the Urbanstrong defendants did not meet their burden to show that she electronically signed either agreement, and that they did not support the motion with the required affidavit establishing the authenticity of the agreements upon which the motion is based. We agree with the plaintiff.

¶ 11     Both parties cite to the Illinois Uniform Electronic Transactions Act ("IUETA") in support of their positions regarding the proof necessary to verify the plaintiff's electronic signature. 815 ILCS 333/1 (West 2024). IUETA governs electronic records and electronic signatures in connection with a transaction. *Id.* § 333/3(a). IUETA states that "[a]n electronic record or electronic signature is attributable to a person if it was the act of the person. The act of the person may be shown in any manner, including a showing of the efficacy of any security procedure applied to determine the person to which the electronic record or electronic signature was attributable." *Id.* § 333/9(a).

¶ 12     The Urbanstrong defendants argue that they provided sufficient evidence that the plaintiff electronically signed the agreements under IUETA by showing the procedure required for a customer to register to use the Urban Air facility, which includes clicking through the Urban Air website and electronically signing the Release Agreements and Membership Agreement. The plaintiff argues that the Urbanstrong defendants failed to establish the authenticity of each agreement or demonstrate that they had a security procedure in place to verify her identity as the person who electronically signed each agreement.

¶ 13     We are unable to find any cases in Illinois interpreting IUETA and its effect on the verification and validity of electronic signatures. The plaintiff directs us to *Friedmann v. Jefferson Cnty. Bd. of Educ.*, 647 S.W.3d 181, 189-90 (Ky. 2022), which interpreted a similar provision in

the Kentucky Revised Statutes implementing the Universal Electronic Transactions Act. In *Friedmann*, the Kentucky Supreme Court found that electronic signatures collected for an election petition were not adequately verified when the individuals signing the petition were only required to provide basic personal information that was publicly available, and there was no procedure used to confirm their identity. *Id.* at 190. The court found that there was "simply no way to determine the electronic signatures are attributable to the person they purport to be." *Id.*

¶ 14    We find the reasoning of the Kentucky Supreme Court in *Friedmann* to be persuasive in the present case. While Cervera testified about the procedures required for a customer to register to use the Urban Air facility and their in-person verification, he did not know if Urbanstrong LLC had any procedure for verifying the electronic signatures on the Release Agreements and Membership Agreement. Without any such verification or other evidence submitted by the Urbanstrong defendants establishing the authenticity of the electronic signature on the agreements, there was insufficient evidence to show that the plaintiff electronically signed each agreement and agreed to the arbitration clauses therein.

¶ 15    A motion brought pursuant to Section 2-619(a)(9) of the Code of Civil Procedure provides for the involuntary dismissal of a complaint when a claim is barred by an affirmative matter that defeats the claim. 735 ILCS 2-619(a)(9). If the affirmative matter is not apparent on the face of the complaint, the movant must attach an affidavit that supports the grounds upon which the motion is based. *Id.* The affidavit supporting the motion must state the facts upon which the defense is based, attach sworn or certified copies of all documents upon which the movant relies, and establish that the affiant can testify competently to the information contained in the affidavit. Ill. Sup. Ct. R. 191(a) (eff. Jan. 4, 2013). If the movant carries their burden to present adequate

evidence supporting the defense, the burden shifts to the plaintiff to establish that the defense is unfounded. *Kedzie and 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993). In deciding the motion, the circuit court "must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party." *Philadelphia Indemnity Insurance Co. v. Pace Suburban Bus Service*, 2016 IL App (1st) 151659, ¶ 22. We review *de novo* the denial of a Section 2-619(a)(9) motion to dismiss a complaint and compel arbitration rendered without an evidentiary hearing. *Vassilkovska v. Woodfield Nissan, Inc.* 358 Ill. App. 3d 20, 24 (2005).

¶ 16    The Urbanstrong defendants attached copies of the Release Agreements and Membership Agreement with an electronic signature bearing the plaintiff's name to the motion, but provided no affidavit or other evidence establishing the authenticity of the agreements upon which the motion is based. Cervera's deposition testimony does not fill this evidentiary gap, as he did not authenticate the agreements attached to the motion, did not know if anyone at Urbanstrong LLC verified the plaintiff's electronic signature, and did not know if Urbanstrong LLC had any procedure to verify an electronic signature. At this stage, the Urbanstrong defendants have not produced evidence to authenticate the Release Agreements and Membership Agreement or verify that the electronic signature on either agreement belonged to the plaintiff. Therefore, the Urbanstrong defendants have not met their burden to show that the plaintiff agreed to arbitrate her claims.

¶ 17    The Urbanstrong defendants repeatedly note that the plaintiff has not denied signing the Release Agreements and Membership Agreement, which contain an arbitration clause. However, at this stage, it was their burden to show that the plaintiff electronically signed the agreements

containing the arbitration clauses. As they failed to meet this initial burden, the plaintiff had no obligation to present evidence rebutting their position.

¶ 18    Based on the foregoing analysis, we conclude that the circuit court properly denied, without prejudice, the Urbanstrong defendants' motion to dismiss the complaint or stay proceedings and compel arbitration. Therefore, we affirm the order of the circuit court and remand for further proceedings.

¶ 19    Affirmed and remanded.